[No. 9720. Department One. November 21, 1911.]

FRANK R. MAY, *Appellant*, v. WESTERN LIME COMPANY, *Respondent*.[1]

PATENTS—ROYALTIES—IMPLIED PROMISE. A promise to pay royalties on patented fireproof partitions cannot be implied where the defendant constructed fireproof partitions, at all times denying the right of the plaintiff to a royalty thereon, and the plaintiff knew of the construction and made no objection thereto, although claiming that it was covered by his patent.

Appeal from a judgment of the superior court for King county, Main, J., entered February 11, 1911, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*J. H. Allen*, for appellant.

*Roberts, Battle, Hulbert & Tennant*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover $900 as royalty upon alleged patented partitions constructed by the defendant. The complaint, after alleging the corporate capacity of the defendant, is as follows:

"(2) That during all the times herein stated, the plaintiff was, and he is now, the owner of those certain patents right under the laws of the United States being numbered

[1]Reported in 118 Pac. 895.

579,838 and 579,839 the Rabbitt Patent Fire Proof Partition.

"(3)   That the said defendant, with the knowledge and consent of the plaintiff, used and placed in that certain building commonly known as the Archibald Hotel, on the northwest corner of Second avenue and Stewart street, in the city of Seattle, King county, Washington, 6000 yards of the said Rabbitt Patent Partition, of the reasonable value of fifteen cents per square yard royalty; that said royalty was due and payable in cash on, to wit, March 1, 1909."

Then followed a prayer for $900.   The defendant answered, and denied all the allegations of the complaint; and as a first affirmative answer, alleged, in substance, that the defendant did construct certain partitions in the said Archibald Hotel, but that there was, and is, no patent of any kind upon the partition so constructed, and that if plaintiff has a patent upon any fireproof partition, the patent does not cover the character of wall so constructed; that the character of partition so constructed was neither a new nor useful article or composition, but was one in common use, and well known for a period of fifty years, and is, therefore, not patentable, and if a patent was issued thereon, such patent is void.   For a second affirmative answer, the defendant alleged the same facts, and also that the state courts are without jurisdiction to determine whether the said wall or partition constructed is a patentable article or device.   The plaintiff, for reply, denied all these allegations.   The cause was tried to the court without a jury.   The court refused to hear evidence upon the affirmative defenses, but confined the trial to the question whether there was a contract, either express or implied, that the defendant should pay the plaintiff for the character of wall constructed.   At the conclusion of the trial, the court found:

"That the evidence introduced by the plaintiff fails to establish a contract between the parties, and finds from the evidence introduced and offered that there was no meeting of the minds of the parties sufficient to constitute a contract

upon which the plaintiff could recover in this action, and that the evidence of the plaintiff fails to establish such contract."

Upon this finding, the trial court dismissed the action. Plaintiff has appealed.

There are several assignments of error in the appellant's brief, but each of them is to the effect that the trial court erred in the finding quoted above. We think the trial court was justified in making this finding. It is difficult to determine from the record the exact character of the partitions constructed by the defendant in the building named. The letters patent, which were offered in evidence, describe in detail the "fireproof partitions for buildings," upon which letters patent were issued to Samuel E. Rabbitt and assigned to the plaintiff. The plaintiff testified that the partitions in the building named were constructed by the defendant, and that he superintended such construction. Mr. Haley, representing the defendant, and several men who did the actual work, testified that the plaintiff was not present upon the work, or if he was ever there, these witnesses did not recognize him, and that he gave no direction whatever about the work. Mr. Haley also testified that he was acquainted with the character of patent of the Rabbitt Fire Proof Partition, and that he did not construct such partitions. The question whether he did or not was purely one for the court. There are facts and circumstances in the case from which the court might have found either way. But owing to the meager description of the partitions actually constructed, we are unable to determine that the defendant used the patent partition in the building in question. The trial court did not pass directly upon this question of fact, but found that there was no contract existing between the parties.

It is not claimed that there was an express contract; but plaintiff argues that, because the defendant used the patented partition, and the plaintiff knew the defendant was using it and made no objection thereto, the contract was

implied that defendant should pay the royalty. It does not appear, however, that there had been any previous contract or course of dealing between the parties which would lead the plaintiff to believe that the defendant was intending to pay for the use of the patented partitions, and it does not appear that the defendant was using the patented process. It does appear, however, that the defendant at all times denied the right of the plaintiff to any royalty. The plaintiff was aware of this fact at the time the partitions in question were being constructed. The utmost shown by the evidence is that the plaintiff claimed that the partitions which were being constructed were covered by his letters patent, and that he made no objection to the construction, and afterwards attempted to collect a royalty, but the defendant refused to pay. Before a promise will be implied, it must be shown that the defendant was using the plaintiff's property or property right under circumstances which would lead the plaintiff to believe that the defendant intended to pay therefor, and by reason thereof plaintiff consented to such use. The facts do not so appear in this case. We conclude, therefore, that the court properly found there was no contract, either express or implied. With this view of the case, it is unnecessary for us to pass upon the jurisdiction of the state court to determine the questions raised by the affirmative answers and argument in the brief.

Judgment affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.